UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2010 SEP 22 PM 2:04

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

HARDY WAY, LLC,

Plaintiff,

v.

Civil Action No.

UNLIMITED CONNECT OF NY INC.;
JOHN DOE 1; MERCADODEPLUGAS
USA CORPORATION; OSCAR CASUSOL;
INFINITY WIRELESS WORLD INC; SAM
CHANG; MORALES CORP; PETRO
MURALES; ELNUMERO #1; and JOHN
DOE 2,

Defendants.

**10- 4315**

GOLD   GERSHON, J

## COMPLAINT

Plaintiff, **Hardy Way, LLC** for its Complaint against defendants, alleges as follows:

### THE PARTIES

1.     Plaintiff **Hardy Way, LLC** is a limited liability company organized and existing under the laws of the State of Delaware, with an office and place of business at 1450 Broadway, 3rd Floor, New York, New York 10018.   Hardy Way, LLC is hereinafter referred to as the "Plaintiff."

2.     (a) Upon information and belief, Defendant **Unlimited Connect of NY Inc.** is an entity of unknown character organized and existing under the laws of the State of New York, having a retail business at 96-15 Roosevelt Avenue, Corona, NY 11368; is transacting and doing business within this judicial district and has committed the acts complained of herein within this judicial district. **Unlimited Connect of NY Inc.** is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

     (b) Upon information and belief, Defendant **John Doe 1** is an individual,

1

whose identity is not yet known, who is the conscious, dominant and active force behind the wrongful acts of Defendant Unlimited Connect of NY Inc. complained of herein, which wrongful acts he/she has engaged in for the gain and benefit of Defendant Unlimited Connect of NY Inc. and for his/her own individual gain and benefit.

(c) Upon information and belief, Defendant **Mercadodepulgas USA Corp** is an entity of unknown character organized and existing under the laws of the State of New York, having a retail business at 93-09 Roosevelt Avenue, Jackson Heights, NY 11372; is transacting and doing business within this judicial district and has committed the acts complained of herein within this judicial district. **Mercadodepulgas USA Corp** is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

(d) Upon information and belief, based upon a report issued by the Accurint database, **Oscar Casusol** is an individual, who is the owner of Mercadodepulgas USA Corp and is thus the conscious, dominant and active force behind the wrongful activities of the corporate defendant Mercadodepulgas USA Corp, which wrongful acts he engaged in for the gain and benefit of defendant Mercadodepulgas USA Corp and for his own individual gain and benefit. Defendant **Oscar Casusol** is subject to the jurisdiction of this Court pursuant to laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

(e) Upon information and belief, Defendant **Infinity Wireless World Inc** is an entity of unknown character organized and existing under the laws of the State of New York, having a retail business at 95-19 Roosevelt Avenue, Jackson Heights, NY 11372; is transacting and doing business within this judicial district and has committed the acts complained of herein within this judicial district. **Infinity Wireless World Inc** is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

(f) Upon information and belief, based upon a report issued by the Accurint database, **Sam Chang** is an individual, who is the owner of Infinity Wireless World Inc and is thus

2

the conscious, dominant and active force behind the wrongful activities of the corporate defendant Infinity Wireless World Inc, which wrongful acts he engaged in for the gain and benefit of defendant Infinity Wireless World Inc and for his own individual gain and benefit. Defendant **Sam Chang** is subject to the jurisdiction of this Court pursuant to laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

(g) Upon information and belief, Defendant **Morales Corp** is an entity of unknown character organized and existing under the laws of the State of New York, having a retail business at 96-09 Roosevelt Avenue, Corona, NY 11368; is transacting and doing business within this judicial district and has committed the acts complained of herein within this judicial district. **Morales Corp** is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

(h) Upon information and belief, based upon a report issued by the Accurint database, **Petro Murales** is an individual, who is the owner of Morales Corp and is thus the conscious, dominant and active force behind the wrongful activities of the corporate defendant Morales Corp, which wrongful acts he engaged in for the gain and benefit of defendant Morales Corp and for his own individual gain and benefit. Defendant **Petro Murales** is subject to the jurisdiction of this Court pursuant to laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

(i) Upon information and belief, Defendant **Elnumero #1** is an entity of unknown character organized and existing under the laws of the State of New York, having a retail business at 82-05 Roosevelt Avenue, Jackson Heights, NY 11372; is transacting and doing business within this judicial district and has committed the acts complained of herein within this judicial district. **Elnumero #1** is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

(j) Upon information and belief, Defendant **John Doe 2** is an individual,

3

whose identity is not yet known, who is the conscious, dominant and active force behind the

wrongful acts of Defendant Elnumero #1 complained of herein, which wrongful acts he/she has

engaged in for the gain and benefit of Defendant Elnumero #1 and for his/her own individual gain

and benefit.  Defendants Unlimited Connect of NY Inc., John Doe 1, Mercadodepulgas USA Corp,

Oscar Casusol, Infinity Wireless World Inc, Sam Chang,  Morales Corp, Petro Murales, Elnumero

#1, and John Doe 2 are hereinafter collectively referred to as "Defendant."

## JURISDICTION

3.     The first and second claims herein arise under the Federal Trademark Act

of 1946, 15 U.S.C. §1051 et seq.; the third claim herein arises under the federal anti-dilution law,

Lanham Act §43(c) (15 U.S.C. §1125(c)) and, accordingly, subject matter jurisdiction for these

claims is conferred on this Court by virtue of 15 U.S.C. §1121, as well as 28 U.S.C. §1338 (a).

4.     The fourth claim herein arises under the laws of unfair competition and the

statutes of the State of New York and are claims joined with substantial and related claims under the

Trademark Laws of the United States and, accordingly, subject matter jurisdiction for the fourth

claim is conferred on this Court by virtue of 28 U.S.C. §1338 (b) and the doctrine of pendent

jurisdiction.

5.     Venue is founded on 28 U.S.C. §1391 (b) and §1391 (c).

## COMMON ALLEGATIONS

6.     Hardy Way, LLC is the worldwide owner of the trademarks ED HARDY

and various stylized and composite marks comprising the ED HARDY trademark and assorted

design components (hereinafter collectively, the "ED HARDY Trademarks").

7.     Among the various trademark registrations owned worldwide, Plaintiff is the

owner of the following U.S. Trademark Registrations:

4

| Word/Mark | Reg. No. | Reg. Date | Int. Class |
|---|---|---|---|
| Ed Hardy | 3,600,285 | 3/31/2009 | 5<br>18<br>21<br>32<br>35 |
| *Ed Hardy* | 3,141,658 | 9/12/2006 | 25 |
| Ed Hardy | 3,135,603 | 8/29/2006 | 14<br>25 |
| Don Ed Hardy | 3,124,710 | 8/1/2006 | 25 |
| *Ed Hardy* | 3,654,597 | 7/14/2009 | 14 |
| Ed Hardy | 3,654,747 | 7/14/2009 | 9 |
| Ed Hardy | 3,637,447 | 6/16/2009 | 5<br>12<br>27 |
| *Ed Hardy* | 3,655,472 | 7/14/2009 | 3 |
| Ed Hardy | 3,632,302 | 6/2/2009 | 9 |

Copies of Plaintiff's U.S. Trademark Registrations can be seen on the United States Patent and Trademark website at: www.USPTO.gov.

8.     Plaintiff and its predecessor corporation have been developing, marketing, and licensing a variety of consumer goods bearing the ED HARDY Trademarks including apparel, shoes, hats, eyewear, jewelry, beverages, home goods, skateboards, snowboards, mobile digital content, fragrances, tanning products, toys, computer supplies, umbrellas, and limited edition Smart Cars since at least as early as 2002.  There are currently more than 46 licenses for products bearing the ED HARDY Trademarks.

9.     In less than 10 years, ED HARDY-branded products have come to be internationally recognized for their trendy style combined with cutting edge and distinctive tattoo art.

10.     All ED HARDY-branded products, and their corresponding packaging, prominently bear the ED HARDY Trademarks.

11. The design inspiration for the extensive line of ED HARDY-branded products was created by American tattoo artist Don Ed Hardy ("Ed Hardy"), also known as "the godfather of modern tattoo", who became recognized for incorporating the Japanese tattoo aesthetic and techniques into his American style of tattoo art. Ed Hardy is also a painter and printmaker and became a master of his tattoo craft while continuing his work in the more traditional mediums of painting and drawing. With over 40 years of tattooing experience, Ed Hardy is recognized around the world for his sophistication, depth, sense of experimentation, technical brilliance and mesmerizing imagery.

12. In 1982, Ed Hardy and his wife formed Hardy Marks Publications. Under this marquee, they began publishing a five-book series titled *Tattootime*. *Tattootime* was one of several publications that served to promote and popularize tattooing to a new and wider audience base. Hardy Marks Publications thereafter continued to publish more than 20 books.

13. Ed Hardy was the curator for an exhibition titled "Pierced Hearts and True Love," which was shown at The Drawing Center in New York in September 1995 and traveled to several other museums around the country. In 2000, he completed a 500 foot long scroll painting of 2,000 dragons in honor of the turn of the millennium and the year of the Dragon. This scroll has been exhibited at the Track 16 Gallery in Santa Monica, as well as The Museum of Contemporary Art in Denver, the Cuenca Bienal in Ecuador and the Yerba Buena Center for the Arts in San Francisco. Ed Hardy's work is represented in the collections of The Honolulu Academy of Art and The Contemporary Museum in Honolulu, The San Francisco Fine Arts Museum, Achenbach Collection and the University of Colorado Fine Art Galleries. Today, Ed Hardy oversees and mentors tattoo artists at his San Francisco studio known as Tattoo City.

14. In 2002, Ed Hardy was approached by Ku USA, Inc. to produce a line of clothing based on his tattoo art and a license agreement was signed. Within two years, the collection had attracted great commercial interest, including the department store Saks Fifth

Avenue.

15.     In 2004, Christian Audigier licensed the rights to produce and sub-license ED HARDY-branded products and since then ED HARDY-branded products have become a world-wide phenomenon.

16.     ED HARDY retail stores selling ED HARDY-branded products are located internationally, including in the Americas, Europe, Asia & the Middle East.

17.     Celebrities such as Madonna, Britney Spears, Puff Daddy, Miley Cyrus, Eva Longoria, Jessica Alba, Heidi Klum, Jennifer Hudson, the Jonas Brothers, Larry King, T.I., and Samuel L. Jackson can all be seen wearing ED HARDY clothing.   The celebrity following of ED HARDY-branded products includes more than 5,000 celebrities, athletes and musicians of all genres.

18.     ED HARDY-branded apparel has also been featured in various major network shows, such as the Jon & Kate Plus 8 television show.

19.     Furthermore, ED HARDY-branded apparel has been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public, including California Apparel News, L.A. Direct Magazine, Savoir French American Magazine, Statement Magazine, The New York Observer, Ocean Drive Magazine, Caras Internacianal Magazine, Yahoo France, Homme Essential, Entrevue, Au Feminini, Les Echos, and Info Sbar.

20.     ED HARDY-branded clothing is sold in ED HARDY boutiques throughout the United States, France, Mexico, Denmark, Korea, Japan, Thailand, Taiwan, Singapore, South Africa, Australia, Dubai, Czech Republic, Germany, New Zealand, and Malaysia, as well as in major retail department stores such as Macy's,  Nordstrom and Marshall's Clothing Company.

21.     In 2008, over $700,000,000 in ED HARDY-branded goods were sold at retail worldwide and over $12,000,000 was spent on advertising and promoting the brand.

22.     The ED HARDY Trademarks have come to identify, in the United States and throughout the world, a fashion brand known for its trendy style combined with cutting edge

tattoo art designed and inspired by Ed Hardy.

## COUNT I - TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

23.     This claim arises under the provisions of the Trademark Act of 1946, 15

U.S.C. 1051, et al, particularly under 15 U.S.C. 1114(1) and alleges the infringement of trademarks

registered under the laws of the United States.

24.     Defendant, with full knowledge of the fame and reputation of the ED

HARDY Trademarks, has intentionally, knowingly and willfully infringed upon the ED HARDY

Trademarks by distributing and/or selling cell phone covers bearing counterfeits of the ED HARDY

Trademarks, without the consent or permission of Plaintiff, in order to deceive purchasers as to the

origin and source of the products.

25.     The use by Defendant of counterfeits of the ED HARDY Trademarks on cell

phone covers, is likely to cause confusion and mistake in the minds of the purchasing public, and in

particular, tends to and does falsely create the impression that the counterfeit goods sold by

Defendant are authorized, sponsored or approved by Plaintiff when, in fact they are not.

26.     By reason of Defendant's use of counterfeit marks substantially identical to

the ED HARDY Trademarks in the course of manufacturing, distributing and selling its products,

without obtaining the authorization of Plaintiff, Defendant has infringed upon Plaintiff's exclusive

rights in the ED HARDY Trademarks.

27.     The goodwill and favorable reputation residing in the ED HARDY

Trademarks is a valuable asset belonging to Plaintiff, and whose value does not lend itself to exact

quantification but is clearly in excess of Fifty Million Dollars ($50,000,000).  There can be no doubt

that the acts complained of herein have the potential for inflicting substantial injury to Plaintiff's

trademarks and goodwill.

\\

28.     Defendant's products, which bear counterfeits of the ED HARDY Trademarks, were and are possibly manufactured by inferior processes which have resulted and can result in inferior quality products. By marketing, advertising, and selling Defendant's inferior goods bearing counterfeits of the ED HARDY Trademarks, Defendant has damaged Plaintiff's goodwill and reputation for the sale of high quality and styled products and will continue to damage Plaintiff's reputation unless enjoined.

29.     The activities of Defendant complained of herein constitute willful and intentional infringement of the ED HARDY Trademarks; are in total disregard of Plaintiff's rights and were commenced and have continued in spite of Defendant's knowledge that the use of counterfeits of the ED HARDY Trademarks, was and is in direct contravention of Plaintiff's intellectual property rights.

30.     Plaintiff has no remedy at law and has suffered irreparable damage as a result of Defendant's acts as aforesaid in an amount thus far not determined, but believed to be in excess of Five Hundred Thousand Dollars ($500,000).

### COUNT II - FEDERAL UNFAIR COMPETITION

31.     Plaintiff repeats and realleges every allegation contained in paragraphs 1 through 29 as though fully set forth herein.

32.     This claim arises under the provision of the Trademark Act of 1946, 15 U.S.C. 1051, et seq., particularly under 15 U.S.C. 1125(a) and alleges the use in commerce of a false designation of origin and false or misleading description of fact and false or misleading representation of fact.

33.     By reason of the marketing, celebrity status and press coverage generated for ED HARDY-branded products at the trade and consumer levels, and the unique quality and styling of the products, the ED HARDY brand is recognized by the trade and consumers as products designed and inspired by Ed Hardy and licensed and/or manufactured and distributed by Plaintiff.

\\

9

34.     Plaintiff's fashion brand has become widely known among purchasers to be high quality items adorned with unique tattoo art designs.

35.     The goodwill of Plaintiff and the favorable reputation residing in the ED HARDY Trademarks is a valuable asset belonging to Plaintiff.

36.     Defendant, with knowledge of the widespread recognition of the ED HARDY Trademarks among the relevant segment of the market and with the specific intent to exploit that recognition, has undertaken to make and sell counterfeit products bearing copies of the ED HARDY Trademarks.  It is Defendant's intention to have its ultimate purchasers believe that Defendant's products are made by or authorized by Plaintiff and that persons who see Defendant's products being worn by Defendant's ultimate purchasers believe that the copies emanate from Plaintiff or an authorized licensee and the tattoo artist/designer Ed Hardy.

37. By reason of Defendant's sale of goods bearing infringements of the ED HARDY Trademarks, the public has been and is being mislead as to the nature and quality of goods being sold by Defendant, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1051.

38.     By reason of the foregoing, Defendant has used in commerce, on or in connection with the goods and/or services, a false designation of origin, a false or misleading description of fact or false or misleading representation of fact, including words, terms, names, devices and symbols or a combination thereof which is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, or association of such Defendant with Plaintiff or as to the origin, sponsorship, or approval of Defendant's products, services or commercial activities by Plaintiff with full knowledge of the falsity of such designations of origin or such descriptions or representations, all to the detriment of Plaintiff.

39.     Plaintiff has no adequate remedy at law and has suffered irreparable damage as a result of Defendant's acts as aforesaid in an amount thus far not determined, but believed to be in excess of Five Hundred Thousand Dollars ($500,000).

## COUNT III – FEDERAL TRADEMARK DILUTION

40.     As a complete and third ground for relief, Plaintiff hereby charges Defendant

with dilution and hereby rea...ges and reassert all of the allegations co....ained in paragraphs 1 through 29 and 33 through 37 hereof as though fully set forth herein.

41.     Defendant's advertising, promotion, offering for sale and sale of goods bearing counterfeits of the ED HARDY Trademark is likely to dilute the distinctive quality of Plaintiff's name and injure Plaintiff's business reputation in violation of the federal anti-dilution law, Lanham Act §43 (c), 15 U.S.C. §1125 (c).  Defendant's infringing activities have been and are being committed willfully.

42.     Plaintiff has no adequate remedy at law and has suffered irreparable damage as a result of Defendant's acts as aforesaid in an amount thus far not determined, but believed to be in excess of Five Hundred Thousand Dollars ($500,000).

## COUNT IV - COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

43.     As a complete and fourth ground for relief, Plaintiff hereby charges Defendant with common law unfair competition under the laws of the State of New York, and hereby realleges and reasserts all of the allegations contained in paragraphs 1 through 29, 33 through 37 hereof as though fully set forth herein.

44.     Defendant's adoption and use of a mark confusingly similar to the ED HARDY Trademarks is likely to cause confusion in the marketplace between Plaintiff's genuine goods and those of Defendant, thus constituting an infringement of Plaintiff's valuable common law rights.

45.     Upon information and belief, Defendant is "palming off" its counterfeit products as the high quality merchandise of Plaintiff, and is knowingly enabling others to do the same and is thus deliberately and knowingly misappropriating and diverting Plaintiff's valuable proprietary rights and goodwill, and the reputation symbolized thereby, thereby unfairly competing with Plaintiff.

46.     Upon information and belief, Defendant's unfair competition has caused and, if allowed to continue, will continue to cause sales of Plaintiff's products to be lost and/or diverted to Defendant.  Further, Defendant's unfair competition has caused substantial and irreparable damage and injury to Plaintiff and in particular to its valuable goodwill and reputation, and unless enjoined by this Court, will continue to cause substantial and irreparable damage and injury to Plaintiff.

47.     Plaintiff has no adequate remedy at law and has suffered irreparable damage as a result of Defendant's acts as aforesaid in an amount thus far not determined, but believed to be in excess of Five Hundred Thousand Dollars ($500,000).

**WHEREFORE, Plaintiff demands:**

A.     that Defendant, its officers, agents, employees, attorneys and all persons acting in concert, participation or combination with Defendant, be preliminary and permanently enjoined from using the ED HARDY Trademarks in any manner and from using any mark confusingly similar thereto; and from manufacturing, promoting, advertising and selling any products bearing the ED HARDY Trademarks and any mark confusingly similar thereto; and from impliedly or expressly representing any of the products sold by Defendant to be genuine ED HARDY products unless such is the case;

B.     that Defendant, its officers, agents, employees, attorneys and all persons acting in concert, participation or combination with Defendant, be preliminary and permanently enjoined from competing unfairly with Plaintiff, from falsely representing and falsely designating the origin of Defendant's goods, from diluting the distinctive quality of the ED HARDY Trademarks and from engaging in false advertising;

C.     that Defendant be required to pay to Plaintiff damages in a sum to be determined at trial and to account for all gains, profits and advantages derived by Defendant by the sale or advertisement of any products bearing the ED HARDY Trademarks or any mark confusingly

12

similar thereto; represented or advertised by Defendant to be a genuine ED HARDY-branded

product or its equivalent;

        D.     that Plaintiff be awarded statutory damages by reason of the

infringement of Plaintiff's registered ED HARDY Trademarks;

        E.     that Plaintiff be awarded treble damages, punitive damages,

reasonable attorneys fees and the costs and disbursements of this action;

        F.     that Defendant's products bearing counterfeits of Plaintiff's ED

HARDY Trademarks and any articles used to produce same, be recalled, surrendered and destroyed;

        G.     that Plaintiff be granted an award of punitive damages in view of the

willful and malicious nature of Defendant's tortious acts; and,

        H.     that Plaintiff has such other and further relief as the Court deems

just and equitable.

Dated:  New York, New York
        September 22, 2010

                         Respectfully submitted,

                         TUCKER & LATIFI, LLP
                         *Attorneys for Plaintiff*
                         160 East 84th Street
                         New York, NY 10028
                         (212) 472-6262

                              Robert L. Tucker

Of Counsel:
Brent H. Blakely
Cindy Chan
915 North Citrus Avenue
Hollywood, CA 90038